UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMERICAN DEMOLITION &
NUCLEAR DECOMMISSIONING,                    **DECISION AND ORDER**
INC., a/k/a AMERICAN DND, INC.,
                                            15-CV-00461-EAW-JJM
                Plaintiff,

v.

SOUTHEAST ABATEMENT SERVICES, INC.,

                Defendant.
_____

        Familiarity with the procedural history of this action is presumed. On October 20, 2015 I held a scheduling conference with counsel [23],[1] during which they agreed on the following deadlines for completion of pretrial proceedings: completion of fact discovery by May 1, 2016, completion of expert discovery by August 30, 2016, and filing of pretrial dispositive motions by October 20, 2016. I confirmed those deadlines in a Case Management Order ("CMO") issued the following day [24]. The CMO cautioned that "[n]o extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. The parties are reminded that 'a finding of good cause depends on the diligence of the moving party'. <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2d Cir. 2000)".

        At a status conference yesterday [34], the parties orally requested an extension of the deadline to complete pretrial discovery. Since they have failed to show good cause for the extension, that request is denied. While the parties are free to conduct whatever discovery they may agree upon, they may not seek the court's assistance in doing so - nor will the court

---

[1]     Bracketed references are to CM/ECF docket entries.

entertain pretrial dispositive motions, since that deadline has likewise expired. *See* Mba/Creative Connections, Inc. v. Binder, 1985 WL 3154, *2 (S.D.N.Y. 1985) ("[n]othing in this Order should be read as precluding the parties from cooperating in whatever voluntary forms of pre-trial discovery they may jointly undertake. No further discovery or nondiscovery motions will be entertained, and the trial of the matter will not be postponed to accommodate such voluntary discovery efforts").

The parties shall contact Judge Wolford's chambers (or my chambers in the event that they consent to a trial before me) by January 17, 2017 to schedule a trial date. If the parties believe that my involvement would aid in settling the case, they may contact my chambers.

Finally, a word of caution. The parties submit different versions of the contract at issue, and accuse each other of fabrication and fraud. *See* Amended Complaint [13], ¶¶9, 16, 19; Answer and Counterclaim [16], ¶¶3, 9, 15, 33-36, 58, 75, 77. "Accusations of fraud are serious ones to make and they should not be made lightly." United States v. Allstate Insurance Co., 2014 WL 10748104, *5 (W.D.N.Y. 2014) (McCarthy, M.J.), adopted, 2016 WL 463732 (W.D.N.Y. 2016) (Skretny, J.). They will not be treated lightly by this court. If it is determined that someone has knowingly submitted a fabricated document in connection with this litigation, they will be dealt with accordingly. *See* Ceglia v. Zuckerberg, 2013 WL 1208558 (W.D.N.Y. 2013) (Foschio, M.J.), adopted, 2014 WL 1224574 (W.D.N.Y. 2014) (Arcara, J.), aff'd, 600 F. App'x 34 (2d Cir. 2015).

Dated:   November 23, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge